**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John Edward Schomaker


        v.                              Civil No. 07-cv-164-PB


United States of America, et al.


**O R D E R**

        John Schomkaer has filed a complaint against the United
States of America, Assistant United States Attorney Arnold H.
Huftalen, and John Doe property officers employed by the United
States Attorney's Office for the District of New Hampshire
("USAO").  Schomaker alleges various federal statutory and
constitutional claims, as well as state law claims, arising out
of the destruction of Schomaker's property by the USAO.
Specifically, Schomaker alleges claims under the Federal Tort
Claims Act, 28 U.S.C.A. §§ 2671 et seq. ("FTCA"), New Hampshire
state law, and the Fourth, Fifth, and Fourteenth Amendments to
the United States Constitution (document 1).  As Schomaker is a
prisoner proceeding pro se, the complaint is before me for
preliminary review to determine, among other things, whether he
has stated any claim upon which relief may be granted.  See

United States District Court for the District of New Hampshire

Local Rule ("LR") 4.3(d)(2)(A); 28 U.S.C. § 1915A(b).[1]

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) to construe pro se

---

[1]Plaintiff has filed an objection (document no. 3) to the complaint in this matter being preliminarily reviewed, as is required by this Court's Local Rules. Plaintiff claims that because he has paid his filing fee, his complaint should not be subject to preliminary review merely on the basis that he is incarcerated. Plaintiff seeks to raise a constitutional challenge to this Court's local rules, at least as they are applied to his complaint. The Local Rules in this matter, however, merely serve to provide the procedure by which this Court complies with it's statutory obligation to preliminarily screen prisoner complaints under 28 U.S.C. § 1915A(a), which states that "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute does not limit its directive to in forma pauperis cases and provides no exceptions for prisoners who pay the filing fee. Accordingly, the plaintiff's motion objecting to preliminary review is denied.

2

pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

     On February 18, 1998, Schomaker was convicted in the federal district court on charges involving the possession of child pornography.  During the preparation of the criminal prosecution against him, computer equipment and software were seized from Schomaker.  Schomaker states that while the property was seized from him in New York, it was held at the USAO in Concord, New Hampshire, where the criminal charges were brought.  On July 9, 1998, after he began serving his prison sentence, Schomaker

requested that his personal property be returned.[2]  Schomaker's
request included all of the property seized from him which, he
alleges, was not going to be used as evidence and was not subject
to forfeiture.

Schomaker claims that despite repeated attempts by both
himself and his parents between July of 1998 and April of 2006,
the property was never returned to him, and he never learned the
precise condition or location of the property, or the name of the
person or persons responsible for maintaining and returning his
property.  Much of the time, Schomaker states, he received no
response at all to his requests.

On December 15, 2005, Schomaker petitioned the Court for a
return of his property during proceedings related to a 28 U.S.C.
§ 2255 petition that he had filed.  On April 26, 2006, Assistant
United States Attorney Arnold Huftalen objected to the motion to
return property on the grounds that the property could not been
found, as it had apparently been inadvertently destroyed during
an office move.[3]  On May 9, 2006, the Court denied Schomaker's

_____

[2]Schomaker executed a written authorization for the release
of the property to his parents which was delivered to the USAO
shortly after Schomaker's sentence commenced.

[3]On October 31, 2006, Schomaker filed a request with the
Executive Office of the USAO, pursuant to the Freedom of

motion without prejudice to the refiling of the claim in an action brought pursuant to the FTCA.

On May 15, 2006, Schomaker filed a claim with the Department of Justice's Tort Claims Division ("TCD") seeking compensation in the amount of $26,725 for the destroyed property.  Schomaker subsequently amended his claim on June 6, 2006, October 17, 2006, November 11, 2006, and December 11, 2006, alleging a claim for $34,085.  Schomaker states that, although he had not yet received a response at the time he filed his complaint here, the TCD denied his claim on August 7, 2007, on the basis that Schomaker's claim failed to comply with the two year statute of limitations for filing a claim with that office.

Discussion

I.   Federal Tort Claims Act

A claim against a federal employee alleging liability on the basis of the commission of a tort is cognizable under the FTCA:

> The Federal Tort Claims Act (FTCA) waives the
> federal government's sovereign immunity for civil
> suits seeking money damages for injury or loss of

---

Information Act, 5 U.S.C. § 551, et seq., for any records relating to his property.  On March 29, 2007, Schomaker received a letter indicating that his property "may have been destroyed in a fire."  On April 27, 2007, he received another letter indicating that the information regarding the fire was incorrect, but confirming that the records had in fact been destroyed.

> property, or personal injury or death caused by
> the negligent or wrongful act or omission of any
> employee of the Government while acting within the
> scope of his office or employment, under
> circumstances where the United States, if a
> private person, would be liable to the claimant in
> accordance with the law of the place where the act
> or omission occurred.

Dolan v. U.S. Postal Serv., 546 U.S. 481, 492-93 (2006) (citing

28 U.S.C. § 1346(b)(1); see McCloskey v. Mueller, 446 F.3d 262,

265 (1st Cir. 2006) (FTCA grants federal courts jurisdiction over

claims against the United States for loss of property caused by

the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or

employment).  This statutory waiver of immunity is limited to

situations where the governmental action challenged involved does

not involve the exercise of discretion.  See Abreu v. United

States, 468 F.3d 20, 23 (1st cir. 2006).  Liability for claims

brought under the FTCA is further limited to those claims that

are first "presented in writing to the appropriate Federal agency

within two years after such claim accrues."  Patterson v. United

States, 451 F.3d 268, 270 (1st Cir. 2006) (citing 28 U.S.C. §

2401(b).  Accrual of an FTCA claim, for purposes of determining

the commencement of the statutory limitations period, occurs when

the plaintiff knew or reasonably should have known that he was

injured and the cause of his injury.  Id. (citations omitted).[4]

Here, plaintiff has alleged that defendants had a mandatory,

nondiscretionary duty to retain his personal property, and to

return it to him, or his authorized agent, upon request.

Plaintiff claims that the defendants failed to meet that

obligation and that, as a result, his property was tortiously

destroyed, resulting in pecuniary loss.[5]

Plaintiff has also alleged that, within weeks of being

advised that his property had been destroyed, he filed an

administrative claim with the appropriate agency, seeking

---

[4]The FTCA remedy excludes any other civil action or
proceeding for money damages based upon the same subject matter
that serves as the basis of the FTCA suit.  See United States v.
Smith, 499 U.S. 160, 163 (1991) (citing 28 U.S.C. § 2679(b)(1)).
Because plaintiff here has alleged alternate or additional
theories of recovery, it is not appropriate, at this juncture,
for the Court to determine whether the presence of the FTCA claim
precludes the other claims alleged in the complaint.

[5]Schomaker baldly alleges that the defendants in this case
engaged in a number of malicious or intentional acts, such as
fraudulent conversion or theft of the property in question.
Schomaker has alleged no facts that support accusations of
intentional wrongdoing.  The only facts alleged regarding the
actual disposition of the property indicate that the defendants
failed to locate and produce the property upon request because
the property had been inadvertently destroyed.  Accordingly, I
will not consider Schomaker's entirely unsupported claims of
intentional destruction or wrongdoing.

recompense for his loss.  Although the claim was denied as untimely, it appears that plaintiff did file promptly upon learning that his property had been destroyed and could not be returned to him.  While the property may have been destroyed more than two years prior to the filing of the administrative claim, Schomaker had no way of knowing the disposition of the property until May of 2006.  Schomaker, through his parents, made diligent attempts to obtain the property and were told that the USAO was trying to locate the property.  For purposes of preliminary review, Schomaker has alleged that his administrative claim was timely filed.

Schomaker also alleges that his action here was filed initially in May 2006 and June 2006, and that the agency had six months in which to respond.  Receiving no response in that time frame, Schomaker appropriately filed here within six months of the TCD's failure to respond.  Schomaker did, however, receive a response – a denial of his claim – after his action was filed here.  I find, therefore, that Schomaker has adequately demonstrated exhaustion of his administrative remedies to proceed on his FTCA claims in this Court.

Because I find that Schomaker has stated an FTCA claim upon which relief might be granted, I will direct that the FTCA claims be served on defendant United States of America.  I recommend that the defendants named individually be dismissed from this action, as the United States is the only proper defendant to an FTCA action alleging a loss of property.  See McCloskey, 446 F.3d at 266 (citing 28 U.S.C. § 1346(b), 2674 & 2679 and Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)).  Schomaker has also named Huftalen and the John Doe defendants to this claim in their official capacities.  Actions brought against federal employees in their official capacities are actions against the United States.  Accordingly, I will construe the official capacity FTCA claims against Huftalen and the John Doe defendants as encompassed by Schomaker's suit against the United States.  See 28 U.S.C. § 2679; Hawaii v. Gordon, 373 U.S. 57, 58 (1963).

II.  Constitutional Claims

Plaintiff may seek redress from federal government officials who have violated his federal constitutional rights under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 338 (1971), which creates a cause of action against federal officers who, acting in their individual capacities, are alleged to have committed

9

constitutional violations.  Bivens held that an individual who
suffered a Fourth Amendment violation by federal officers could
maintain a claim for damages.  Id., see Wilkie v. Robbins, ___
U.S. ___, 127 S.Ct. 2588, 2597 (2007).  Since the Bivens
decision, the Supreme Court has recognized two additional
nonstatutory damage remedies for constitutional violations by
federal officers: employment discrimination in violation of the
Fifth Amendment's Due Process Clause in Davis v. Passman, 442
U.S. 228, 241 (1979), and Eighth Amendment violations against
federal prison officials, in Carlson v. Green, 446 U.S. 14, 23
(1980).  In Carlson, the Court cautioned that a Bivens action in
a particular case may be defeated, however, where defendants
demonstrate that special factors exist "counseling hesitation in
the absence of affirmative action by Congress," 446 U.S. at 18,
and where "defendants show that Congress has provided an
alternative remedy which it explicitly declared to be a
substitute for recovery directly under the Constitution and
viewed as equally effective." Id. at 18-19 (citations omitted).

     Schomaker alleges that the individual federal officers named
as defendants to this action have violated his constitutional
rights by failing to return his property to him upon request, and

by destroying his property without due process.  To the extent
that Schomaker intends to bring this action against Huftalen, the
USAO employee most directly responsible for the disposition of
the property in question here, and the John Doe property
officer(s), he can do so under <u>Bivens</u> if he alleges that these
individuals engaged in actions that violated his constitutional
rights.  <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 473 (1994) (<u>Bivens</u>
decision implied cause of action for damages against federal
agents who violated the Constitution).  At this point in the
litigation, I make no comment or judgment as to whether or not
defendants will be able to demonstrate that a <u>Bivens</u> action
should not be recognized under the circumstances presented in the
complaint.  I address the violations alleged in turn.

  A. <u>Fifth Amendment Due Process Claim</u>

  Schomaker alleges that he was deprived of his property
without due process of law and that the defendants, therefore,
have violated his constitutional rights.  The Supreme Court has
held that, although the availability of a <u>Bivens</u> action is
limited, such an action may lie where a claim for money damages
is alleged against federal officers who abuse their
constitutional authority and thereby deny a person their Fifth

Amendment due process rights.  See Corr. Servs. Corp. v. Malesko,
534 U.S. 61, 67–68 (2002) (explaining that while the Supreme
Court has consistently refused to extend Bivens liability to any
new context or category of defendants, the Court did recognize an
implied damages remedy under the Due Process Clause of the Fifth
Amendment); Davis, 442 U.S. at 235 (holding of Bivens extended to
recognize cause of action and damages remedy under the
Constitution when the Due Process Clause of the Fifth Amendment
is violated).

Schomaker alleges that he was deprived of his personal
property by government agents Huftalen and one or more John Doe
property officers, in their individual capacities, when they
failed to protect his property from destruction and failed to
provide him with any pre-deprivation process.  While the
circumstances surrounding the destruction of Schomaker's property
are not, at this stage of the litigation, fully fleshed out,
Schomaker has alleged sufficient minimal facts to state a Fifth
Amendment due process claim under Bivens, and I will direct that
this action proceed against Huftalen, the prosecutor responsible
for the criminal case against Schomaker and thus ultimately

responsible for the disposition of property in this matter, and
the John Doe property officer(s).[6]

B.   <u>Fourth Amendment Unreasonable Seizure</u>

A damages action arises under the Constitution when Fourth
Amendment rights are violated.  <u>Bivens</u>, 403 U.S. at 392.
Schomaker alleges that the retention or destruction of his
property after the date of his conviction constituted an
unreasonable seizure prohibited by the Fourth Amendment, which
protects "[t]he right of the people to be secure in their

---

[6]Schomaker has indicated that he is aware that the property
officers must be named in order to be served, and that he will be
able to obtain the names of the responsible property officers in
discovery.  Once Schomaker identifies the individual property
officers he wishes to serve, he must properly move to amend his
complaint to notify the Court of their names, and request that
those individuals be served with this action.  Upon service of
this action on the named defendants, Schomaker can serve the
named defendants with interrogatories to obtain the full names of
the presently unnamed defendant(s) pursuant to Fed. R. Civ. P.
33(a) which states in pertinent part:

> Without leave of court or written stipulation,
> any party may serve upon any other party
> written interrogatories, not exceeding 25 in
> number including all discrete subparts, to be
> answered by the party served or, if the party
> served is a public or private corporation or a
> partnership or association or governmental
> agency, by an officer or agent, who shall
> furnish such information as is available to
> the party.

persons, houses, papers, and effects, against unreasonable
searches and seizures, . . ."  U.S. Const. amend. IV.
Accordingly, without comment on the merits of the claim, I find
that Schomaker has alleged the minimum facts necessary to state a
Bivens claim against Huftalen and the John Doe property
officer(s) for a violation of the Fourth Amendment, to allow this
claim to proceed against them.

III. Pendant Jurisdiction – State Law Claims

        Schomaker claims that in addition to FTCA and Bivens claims
stated, the circumstances of this case give rise to claims
arising under state tort law.  I have already found that
Schomaker has alleged sufficient facts to invoke the original
federal question jurisdiction of this Court pursuant to 28 U.S.C.
§ 1331, which provides this Court with jurisdiction to resolve a
question arising out of federal law.  I will also exercise this
Court's pendant jurisdiction over the claims based on state tort
law, as I find that those claims, arising out of the same facts
and transactions as the federal claims, form part of the same
case or controversy as the federal claims.  See 28 U.S.C. §
1367(a) (allowing court to exercise supplemental jurisdiction
over state law claims that are "so related to the claims in the

14

action within the original jurisdiction that they form part of the same case or controversy); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  I will therefore direct the state law claims to be served on the defendants to this action.[7]

### Conclusion

Without commenting on the merits of the complaint, I find that plaintiff has stated claims upon which relief may be granted.  Accordingly, I order the Clerk's office to issue the necessary summons forms and forward them to plaintiff for service upon defendants.

Plaintiff must effect service by sending the summonses and copies of the complaint (document no. 1), and this Order, to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States, and (iii) the United States Department of Justice, by certified mail, return receipt requested.  See Fed. R. Civ. P. 4(c)(1) and 4(i).

As to the individual defendant named, Assistant United States Attorney Arnold Huftalen, plaintiff must serve him by

---

[7]Again, although Schomaker has alleged state tort claims based on both negligent and willful behavior, he has only supported his negligence claims with factual allegations. Accordingly, only those state tort claims alleging negligence or recklessness will be considered as properly alleged claims in this action.

delivering a copy of the summons and complaint to him personally or by leaving copies of the summons and complaint at his dwelling or abode.  See Fed. R. Civ. P. 4(e) & 4(i)(2)(B).

Defendants are instructed to answer or otherwise plead within sixty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(3).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  October 29, 2007

cc:    John Edward Schomaker, pro se